Filed 12/1/25  P. v. Cuevas CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>LUIS ALFONSO CUEVAS,<br><br>  Defendant and Appellant. | 2d Civ. No. B342898<br>(Super. Ct. No. 23CR04974)<br>(Santa Barbara County) |

Luis Alfonso Cuevas appeals a judgment following his conviction of various offenses, including driving under the influence of alcohol.  Cuevas argues the trial court erroneously found he waived his *Miranda*[1] rights.  We will affirm.

---

[1] *Miranda v. Arizona* (1996) 384 U.S. 436 [16 L.Ed.2d. 694].

FACTUAL AND PROCEDURAL BACKGROUND[2]

Two callers called 911 to report a possible drunk driver in a truck. The truck was described as small, old, and black. The driver was stated to be a male, that he appeared to have run a red light and struck another vehicle. The other vehicle drove away. One of the 911 callers reported: "He's out of the car now . . . . He's really drunk."

Paramedics (AMR) arrived at the scene first. Santa Barbara Police Officers Justin Cruz and Netza Ortiz arrived subsequently and saw a pickup truck stopped and blocking the street. The driver's side door was open. Appellant was leaning through the door into the truck cab. There were several opened and three unopened alcoholic beverage cans in the truck bed. Ortiz overheard AMR ask appellant "Are you the only one in the car?" Appellant replied "Yes." Ortiz believed there had been only one occupant of the truck because the driver's seat was clear of any items and the passenger seat had objects on it. A receipt found in the truck had appellant's first name on it. The keys were found on the floorboard.

Appellant denied having a California driver's license. He was unable or unwilling to perform some of the field sobriety tests. Breathalyzer results showed his blood alcohol content was .244 percent and .23 percent. After he was given his *Miranda* rights, he said he understood them. He was asked where he was going and he responded he was going home.

_____

[2] Our summary of all the facts is limited given the only issue raised on appeal concerns appellants waiver of his Fifth Amendment rights.

A jury convicted appellant of all counts and found true the special allegations for counts 1 and 2.[3]  The court found true appellant had three prior driving under the influence convictions (Veh. Code, § 23550, subd. (a)) and a prior strike conviction (Pen. Code § 667, subds. (d)(1) & (e)(1).)  On count one, the court sentenced appellant to an aggregate term of four years (midterm of two years doubled for the prior strike) and stayed sentence on count two under Penal Code section 654.  On count three appellant was sentenced to 120 days county jail concurrent to count one.

*Motion to Exclude Appellant's Admission*

Appellant moved to exclude any statements he made in violation of *Miranda*.  On appeal he limits his contention to his post-*Miranda* statements that support that he was driving.  He argues he was too intoxicated to understand and waive his *Miranda* rights and without his admission of driving there was no substantial evidence he had been driving.

The trial court reviewed Officers Ortiz's and Cruz's body camera video and audio transcripts from the videos and considered the parties' briefs and arguments.  The court found it clear appellant was intoxicated.  It also found that appellant's answers to some questions posed by the officers and AMR were responsive and some were not.  "Some appeared to be evasive."

---

[3] Count 1 – felony driving under the influence of alcohol (Veh. Code, § 23152, subd. (a); Count 2 – felony driving with a .08 percent or higher blood alcohol level (*id*., § 23152, subd. (a) & (b); Count 3 – misdemeanor driving with a suspended license for a prior driving under the influence conviction (*id*., §§ 14601, 14601.2, subd (a)).  Special allegations were that his blood alcohol level was .15 percent or higher (Veh. Code, § 23578).

"[A]t times, [he] cursed at officers, refused to answer questions, or appeared to stall in responding." The court noted when asked, he provided his correct address. The court also remarked on the fact that appellant had a history of law enforcement contact so "he is not unfamiliar with the criminal justice system." The court saw no indication appellant was coerced, fearful or intimidated by his interactions with law enforcement; to the contrary he "appeared quite comfortable" enough to respond with snide remarks which included cursing at the officers. The court concluded that "in reviewing the totality of the circumstances" no *Miranda* violation occurred and that appellant voluntarily waived his *Miranda* rights.

DISCUSSION

"'*Miranda* holds that "[t]he defendant may waive effectuation" of the rights conveyed in the warnings "provided the waiver is made voluntarily, knowingly and intelligently." [Citation.] The inquiry has two distinct dimensions. [Citations.] First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the "totality of the circumstances surrounding the interrogation" reveals both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived.'" (*People v. Smith* (2007) 40 Cal.4th 483, 501-502 (*Smith*), quoting *Moran v. Burbine* (1986) 475 U.S. 412, 421 [89 L.Ed.2d 410].)

"'The prosecution bears the burden of demonstrating the validity of the defendant's waiver by a preponderance of the

4

evidence.' [Citations.] In addition, '[a]lthough there is a threshold presumption against finding a waiver of *Miranda* rights [citation], ultimately the question becomes whether the *Miranda* waiver was [voluntary,] knowing[,] and intelligent under the totality of the circumstances surrounding the interrogation.' [Citation.] On appeal, we conduct an independent review of the trial court's legal determination and rely upon the trial court's findings on disputed facts if supported by substantial evidence." (*People v. Williams* (2010) 49 Cal.4th 405, 425.) "Where . . . an interview is recorded, the facts surrounding the admission or confession are undisputed and we may apply independent review." (*People v. Duff* (2014) 58 Cal.4th 527, 551.)

"A suspect's expressed willingness to answer questions after acknowledging an understanding of [their] *Miranda* rights has itself been held sufficient to constitute an implied waiver of such rights. [Citations.]" (*People v. Sauceda-Contreras* (2012) 55 Cal.4th 203, 218-219.)

Voluntary consumption of an intoxicating substance alone does not establish impaired capacity to waive *Miranda* rights. (*People v. Frye* (1998) 18 Cal.4th 894, 988, overruled on another ground in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.) Evidence that might suggest a lack of understanding must be accompanied by evidence of actual inability to comprehend or lack of ability to make a free and rational choice to waive his rights. (*People v. Cunningham* (2015) 61 Cal.4th 609, 645.) Defendant's coherent and responsive answers may show lack of an impaired mental state. (*People v. Hensley* (2014) 59 Cal.4th 788, 814.)

Appellant contends the totality of the circumstances establish that due to his level of intoxication he was incapable of

5

knowingly, voluntarily and intelligently waiving his *Miranda* rights. Appellant points to his blood alcohol level, and expert testimony that at such levels a person exhibits mental impairments, memory effects, and confusion. He also points out evidence of his physical impairment, like swaying, and sweating. And he notes the officers testified appellant was "unable to coherently and cohesively answer questions, they did not understand what appellant was trying to say, and the words coming out of his mouth were nonsensical." But his physical appearance and evidence that alcohol at certain blood alcohol levels affects the brain and memory does not support that appellant was so impaired that he was not acting knowingly and voluntarily. Neither do the general descriptions of what the officers first encountered at the scene support appellant's contention. Instead, we consider the totality of the evidence.

There is no dispute that appellant was intoxicated and that at times he seem to make nonresponsive and nonsensical statements. But we have reviewed the video recordings and related transcripts and agree with the trial court that the totality of the circumstances establish appellant understood his *Miranda* rights and impliedly waived them when he chose to answer the officer's questions.

Appellant's response to many of the officers' and AMR statements were coherent and responsive. When asked if he was hurt, he responded "No. No hurt." When he was asked "Is that your car? It's parked sideways in the middle of the street and you're standing there stumbling" appellant responded, "I don't say nothing." Then he was asked, "You don't want to say anything?" He said "No." When asked if he had an "ID" he responded "No-no-no-no. No ID but I can." When officers and

6

AMR discussed the need to take appellant to the hospital he made clear "I don't want to go to the hospital."[4]  He added they did not have the right to take him to the hospital.[5]  When asked what city he was in, appellant answered correctly, "Santa Barbara."  He also correctly stated the year, "twenty three."  He became belligerent when asked what happened, saying "You assholes [unintelligible] what – what is it that you want?" and then he answered "Nothing."  During a discussion between AMR and officers about whether he should be medically checked because "there could be a medical thing going on" appellant volunteered "No, I am just drunk only and that's all."  When told by Officer Ortiz they needed to make sure he had the ability to drive a car, appellant responded "If you want, I drive any car."  When Officer Ortiz explained that he had the choice of allowing a blood draw or a breath test, and that if he chose a breath test "so then we don't have to go to the hospital, they don't have to draw blood and right here we can do it in about two minutes" appellant responded "Yes, that's better."  He was asked if had a middle name:  "Is it just Luis Cuevas?"  He said "Yes Cuevas."  "Only Cuevas?"  "Yes."  After completing his breath tests, Officer Ortiz told appellant he was going to "read something to you, okay?"  Appellant responded "Yes tell me . . . Mother Fucker."  Appellant was then read his *Miranda* rights and afterward was asked "do you understand each of these rights?"  He responded "Yes – yes."

[4] Some of his statements were in English, others in Spanish.  This statement was made in Spanish.

[5] His exact words, as translated from Spanish to English were "No, it's my, not your rights of you guys to [unintelligible].  No, no, no. . . ."  Officer Ortiz understood his statement to be "he's saying that you don't have a right to take him [to the hospital]."

He then was asked whether it was his truck and whether it was registered under his name" and answered "Yes – yes – yes." Then he was asked "Okay and where were you going?" and he responded "I was going home." Then in response to the question "So, then you were driving to your house?" he said "Yes, yes." He also provided his correct address when asked.

This and other evidence establishes that despite being intoxicated, appellant understood his rights and that he knowingly and intelligently waived them when he subsequently answered the officer's questions.

Moreover, appellant was not prejudiced by any error in admitting his post-*Miranda* statements. There was abundant circumstantial evidence to support the jury's determination that he had been driving the truck shortly before he was contacted by AMR and law enforcement. Admission of a defendant's statements in violation of *Miranda* is subject to the harmless error standard of *Chapman v. California* (1967) 386 U.S. 18 [17 L.Ed.2d 705]. (*People v. Sims* (1993) 5 Cal.4th 405, 447.) "That test requires the People 'to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" (*People v. Henderson* (2020) 9 Cal.5th 1013, 1029.)

No evidence suggested there was more than one occupant in the truck. Calls to 911 identified a truck and a drunken man driving the truck. One caller reported the man got out of the truck. Shortly thereafter AMR and officers encountered appellant alone standing outside his truck leaning into the open driver side door. There were items on the passenger side that would have hindered anyone sitting there leading Officer Ortiz to believe there was only occupant. A receipt found inside the truck had appellant's first name on it. The truck's keys were found on

the driver's side floorboard. Appellant admitted to AMR that he was the only one in the vehicle. Appellant never denied it was his truck or said there was another person or driver. Thus, even though the prosecution's case relied upon appellant's admission to establish he had been driving there was other compelling evidence to support the jury reaching same conclusion.

                              DISPOSITION

Judgment is affirmed.

NOT TO BE PUBLISHED.




                                        CODY, J.


We concur:



    GILBERT, P. J.



    BALTODANO, J.











9

Von N. Deroian, Judge
Superior Court County of Santa Barbara
_____

Asya Ovsepyan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and David A. Voet, Deputy Attorney General, for Plaintiff and Respondent.